[Civ. No. 12391. Second Appellate District, Division Two.—April 20, 1940.]

BERT KOLBURN, Appellant, v. P. J. WALKER COMPANY (a Corporation) et al., Respondents.

Burdette J. Daniels and Cyril A. Walton for Appellant.

Reginald I. Bauder, Jennings & Belcher, Louis E. Kearney and George M. Breslin for Respondents.

McCOMB, J.—Plaintiff appeals from (1) a judgment in favor of defendants P. J. Walker Company and Owens-Illinois Pacific Coast Company predicated upon the granting of said defendants' motion for a directed verdict in their favor, and (2) a judgment in favor of defendant William P. Neil Company, Ltd., predicated upon the sustaining without leave to amend of a general demurrer by said defendants to plain-

tiff's complaint as amended. This is an action to recover damages for personal injuries.

■ Viewing the evidence most favorable to plaintiff (appellant), as we must in reviewing a judgment predicated upon the granting of a motion for a directed verdict (*Peckham* v. *Warner Bros. Pictures, Inc.*, 36 Cal. App. (2d) 214 [97 Pac. (2d) 472]), and considering as true all issuable facts well pleaded, legally provable, and not inconsistent with other allegations in the complaint as amended, as we must in reviewing a judgment predicated upon the sustaining of a general demurrer to a complaint without leave to amend (*Katenkamp* v. *Union Realty Co.*, 6 Cal. (2d) 765, 769 [59 Pac. (2d) 473]), the material facts alleged and proven are:

In 1927 defendant Wm. P. Neil Company, Ltd., as contractor constructed a building for the Illinois Pacific Glass Corporation. In 1932 defendant Owens-Illinois Pacific Coast Company acquired the property from the Illinois Pacific Coast Company (the latter having formerly been known as the Illinois Pacific Glass Corporation). In 1937 defendant Owens-Illinois Pacific Coast Company entered into a contract with defendant P. J. Walker Company to make alterations in the building and to erect a new building. Defendant P. J. Walker Company let a subcontract to Joe Gerrick & Company for the performance of the structural steel work on both buildings.

Plaintiff, a structural steel worker for thirty-one years, was an employee of the subcontractor. The original building, hereinafter designated as the old building, was of steel construction with roof and sides covered with corrugated metal sheets approximately 9 feet in length and 32 inches in width. At the top of the building there was a monitor which ran the entire length of the building, the roof sloping from said monitor to the north and to the south. On the south slope the roof was covered by metal sheets running in a northerly and southerly direction. Between the first row of corrugated iron sheets adjacent to the monitor of the building and the second row of corrugated metal sheets was a row of corrugated glass sheets of similar dimensions running the full length of the building forming a skylight. The steel framework upon which the corrugated metal and glass sheets were placed consisted of steel purlins about 4 feet apart. The corrugated metal sheets, being about 9 feet in length,

spanned two purlins and had an approximate overlap at the end of some 4 to 6 inches. At the end of the overlap the sheets were secured to the steel purlins by straw-nails. This was the general construction of the roof portion of the building, except at the purlin at the lower end of the glass skylight and the upper end of the metal sheets adjacent thereto where the upper end of the metal sheets just below the skylight had approximately ¾ to 1 inch bearing upon the steel channel, which was not secured nor fastened in any manner. The corrugated glass sheets overlapped the purlin at this point approximately 3 inches, thus covering the upper end of the corrugated metal sheets, so that one standing upon the roof could not see whether or not the upper end of the corrugated metal sheets was fastened to the purlin. However, one standing on the inside of the building and looking up could see that the metal sheets at this point were not fastened.

September 29, 1937, defendant P. J. Walker Company in making its alterations on the old building had removed the front portion of the building and the metal roof for some distance toward the rear. On the date just mentioned plaintiff was working with several other men employed by the subcontractor on the monitor portion of the building. Their work consisted in reinforcing the monitor preparatory to placing in position certain steel purlins. In order to align a steel girder a rope was fastened to one end of the girder and the other end to a form on an adjoining building then under construction. Plaintiff was instructed to fasten this rope on a form of the adjoining building. In doing so he walked from the monitor down a truss to the eaves of the old building, then proceeded across the roof in an easterly direction for about 10 feet and there fastened the rope on the adjacent building. He then walked back across the roof to the truss which he had traversed in descending to the eaves of the building to a point about 4 feet below the lower end of the corrugated glass skylight. At this point he was handed a two-by-four and walked upon the roof to a place where he could place it between the ropes which he had previously fastened to the adjacent building. He then retraced his steps to the truss and started walking up it toward the monitor of the building. As he approached the monitor he was instructed by the foreman that there was not enough tension on the rope and ordered to go back and take up the slack. Plaintiff then walked down the truss to a position just about

1 foot below the lower end of the glass skylight and stepped upon the corrugated metal sheet, which gave way and precipitated plaintiff to the concrete floor within the building, as a result of which he suffered serious personal injuries.

### (1)

█ Plaintiff relies for reversal of the judgment in favor of defendant P. J. Walker Company and Owens-Illinois Pacific Coast Company upon the proposition that *the foregoing facts disclose that said defendants were negligent in maintaining the roof on the building above described, in that the corrugated iron roofing adjacent to and below the corrugated glass roofing which formed the skylight was not fastened at its upper end in any manner and that as a result thereof when plaintiff stepped upon it it pulled away from the purlin and permitted him to fall to the floor of the building.*

This proposition is untenable. The rule is established in California that an invitee to an incompleted building in process of construction is invited to use such building in its then condition. In *Ambrose v. Allen,* 113 Cal. App. 107 [98 Pac. 169], a case where the facts were analogous to those in the present case, after an exhaustive review of the authorities from other jurisdictions Mr. Justice Sturtevant at page 113 quoting from *Cole v. L. D. Willcutt & Sons* Co., 218 Mass. 71 [105 N. E. 461, 462] thus states the rule:

" . . . But the plaintiff contends that the defendant had invited him to use the stairs, and so owed him a duty to keep them in safe condition for his use. If there was such an invitation, it was merely to use them in the condition in which they were with whatever work was openly and plainly being done upon them."

Since the authorities supporting the rule just mentioned and the reasons therefore are fully set forth in *Ambrose v. Allen, supra,* it is unnecessary for us to further discuss this subject. Suffice it to say that under the rule above stated plaintiff has failed to show any actionable negligence upon the part of defendants P. J. Walker and Owens-Illinois Pacific Coast Company.

### (2)

█ Plaintiff relies for reversal of the judgment in favor of defendant Wm. P. Neil Company, Ltd., on the proposition that *a contractor is liable for personal injuries resulting from defective construction of a building which he has erected,*

*even though the injuries occur after acceptance of the building by the owner.*

This proposition is likewise untenable. The law is established in California that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to a third person for damages or injury subsequently suffered by reason of the negligent manner in which he has performed his contract. (*Boswell* v. *Laird,* 8 Cal. 469, 498 [68 Am. Dec. 345]; *Fanjoy* v. *Seales,* 29 Cal. 244, 249; 45 Cor. Jur. (1928), sec. 320, 884; 9 Cor. Jur. (1916), sec. 85, 751; 13 L. R. A. (N. S.) 968, 969; *Williams* v. *Edward Gillen Dock, Dredge, & Const. Co.,* 258 Fed. 591, 594.)

The statement in Restatement of the Law of Torts (1934) Negligence, volume 2, paragraph 385, page 1030, is inapplicable to the present case for the reason that rules announced in the Restatement of the Law do not have the force of statutory enactment or supersede judicial decisions. They are intended to preserve the common law system of developing law through the judicial determination of cases. (See, The Restatement in the Courts, 4th ed., Nov., 1939, p. 9.)

Applying the rule of law above stated to the facts in the instant case, it appears that the building upon which plaintiff was injured had been erected and accepted by the owner of the property more than 10 years before the unfortunate accident which resulted in the present action. Therefore, the original contractor was not liable to plaintiff, even though we assume that the building was defectively constructed in the particulars relied upon by plaintiff.

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1940. Edmonds, J., and Carter, J., voted for a hearing.