[Civ. No. 12634.  Second Appellate District, Division Two.—November 8, 1940.]

ROBERT JAMES IRVINE, Appellant, v. J. F. SHEA COMPANY, INC., (a Corporation) et al., Respondents.

John Moore Robinson and Walter R. Powers for Appellant.

George H. Moore and Hugh B. Rotchford for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the granting of their motion for a judgment on the pleadings in an action to recover damages for personal injuries, plaintiff appeals.

The complaint alleges in substance that plaintiff was employed as an inspector for the Metropolitan Water District upon a construction job being performed by defendants for plaintiff's employer, and that, while acting within the scope of his employment and endeavoring to remove himself from a construction ditch on the job, "climbed upon a spreader-board technically known as a cross brace" maintained by defendants, and attempted to walk on it and "that the defendants . . . did so carelessly, recklessly and negligently maintain, control, install, operate and keep the aforementioned spreader-board" that said spreader-board gave way, thereby precipitating plaintiff into the ditch and causing him injury.

These are the questions necessary for us to determine:

*First: May the trial court in passing upon a motion for a judgment on the pleadings take judicial notice of the purpose and functions of a mechanical contrivance alleged to be the cause of plaintiff's injury?*

*Second: Did the complaint allege negligence on the part of defendants?*

*Third: Did the trial court abuse its discretion in denying plaintiff permission to amend his complaint?*

The first question must be answered in the affirmative. The trial court took judicial notice of the fact that a spreader-board or cross brace is a contrivance, the purpose of which is to give lateral support in trenches or ditches to preclude cave-ins. In so doing the trial court merely followed the rule as announced in section 1875, subdivision 1, of the Code of Civil Procedure to the effect that the courts will take judicial notice of the true significance of all English words and phrases. Some examples of words and phrases, the meanings of which the courts have taken judicial notice are:

"shaft", "tunnels", "levels", "chutes", "stopes", "uprises", "cross-cuts", "inclines" (*Hines* v. *Miller,* 122 Cal. 517, 519 [55 Pac. 401]), and "jackass brandy" (*People* v. *Silva,* 67 Cal. App. 351, 357 [227 Pac. 976]).

The second question must be answered in the negative. The only attempt in the complaint to allege negligence on the part of defendants is this allegation:

"That at said time and place as aforesaid the defendants . . . did so carelessly, recklessly and negligently maintain, control, install, operate and keep the aforementioned spreader-board. . . . "

It thus appears from the complaint that plaintiff, an invitee on the premises, used the spreader-board for a purpose other than that for which it was intended and was thereby injured. Since the rule is established in California that an invitee to premises in the process of construction is invited to use the premises in its then condition (*Kolburn* v. *P. J. Walker Co.,* 38 Cal. App. (2d) 545 [101 Pac. (2d) 747]), and the equipment thereon for its ordinary functions it is evident that the allegation of the complaint above mentioned did not allege actionable negligence upon the part of defendants, and the trial judge properly granted defendants' motion for a judgment upon the pleadings.

The final question must be answered in the negative. It is the rule in California that an application for leave to amend a pleading made after the granting of a motion for a judgment on the pleadings amounts to an application for relief under section 473 of the Code of Civil Procedure and must be supported by an affidavit of merits. (*Janson* v. *Bryant,* 52 Cal. App. 505, 506 [199 Pac. 542]; 21 Cal. Jur. [1925] 179.)

Plaintiff has wholly failed by affidavit or otherwise to comply with this rule by showing to the trial court that he could amend his complaint to state a cause of action against defendants and could support such amendments with substantial evidence. Therefore, no abuse of discretion upon the trial court's part in denying the motion for leave to amend the complaint has been shown to this court.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.