[Civ. No. 13694. Second Dist., Div. Three. Jan. 27, 1943.]

HAROLD R. JOHNSTON, Appellant, v. RALPH C. LONG et al., Defendants; SAN DIEGO PLANING MILL, Respondent.

Mortimer Kline, Albert W. Leeds and Forrest A. Betts for Appellant.

Eugene Glenn for Respondent.

WOOD (Parker), J.—Plaintiff appeals from a judgment in favor of defendant, San Diego Planing Mill, entered after said defendant's demurrer to plaintiff's complaint was sustained without leave to amend.

There were four alleged causes of action. The first cause of action was in substance as follows: that certain defendants, as individuals, owned a certain building in San Diego in which they conducted an automobile agency, and in connection with said business they purchased gasoline and received delivery of the same in the building; that plaintiff was "a tank-truck salesman and made deliveries of gasoline" at said premises for use in said business; that such deliveries were made in the building through an entrance in which there was a large overhead lift-type door, operated by a lifting apparatus attached to the door; that plaintiff, with the ac-

quiescence of defendants, used such entrance when entering and leaving the building in making deliveries; that on December 12, 1940, defendants negligently kept and maintained said door in an unsafe condition, which condition was known to the defendants but unknown to plaintiff; that on said day while making a delivery of gasoline to defendants, plaintiff raised the door and it fell and struck plaintiff on his head, causing serious bodily injury.

The second cause of action was the same as the first except it omitted the allegation that defendants negligently kept and maintained the door in an unsafe condition, and alleged that said defendants, the "land-occupiers," as individuals, employed respondent, San Diego Planing Mill, in October, 1940, to repair said door and its lifting apparatus; that respondent, acting within the scope of its agency, did repair the door and apparatus in such a negligent manner that it was unsafe to use; that such unsafe condition was known to all of the defendants but was unknown to plaintiff.

The third cause of action was the same as the first cause of action except it omitted the allegation that said defendants (other than this respondent), as individuals, owned and conducted the business, and alleged that said defendants (other than this respondent) were copartners in conducting the business.

The fourth cause of action was the same as the second cause of action, except it was alleged therein that defendants (not including this respondent), as copartners, employed respondent to repair said door.

In other words, the first and third causes of action were based upon the theory that the individual defendants, as "land-occupiers," negligently maintained the door in an unsafe condition. In the first cause of action it was alleged that defendants (not including this respondent) were individuals and in the third cause of action that they were copartners. The second and fourth causes of action were based upon the theory that the "land-occupiers" had employed this respondent as their agent to repair the door. In the second cause of action it was alleged that the defendants, as individuals, employed respondent; and in the fourth cause of action that defendants, as copartners, employed respondent. This respondent was, as above shown, a defendant in the second and fourth causes of action only. The demurrer of respondent, which was sustained without leave to amend, therefore ap-

plied only to the second and fourth causes of action. The demurrer of the other defendants (the land occupiers) was overruled as to all causes of action. There was no special demurrer.

Apparently, the basis upon which the demurrer was sustained without leave to amend was that respondent was relieved from liability, whether its status as repairer was that of independent contractor or agent, by reason of its completion of the work and the acceptance of it by the land occupiers prior to the accident.

Appellant contends that he should have been permitted to amend the complaint with respect to the liability of respondent, and that the trial court abused its discretion in not granting such privilege; that he should have been granted an opportunity to amend the complaint, if he elected so to do, by setting forth the appropriate allegations to describe in detail that the door was a dangerous instrumentality; and by setting forth the appropriate allegations in an alternative count to allege knowledge of the defect on the part of the respondent and lack of knowledge on the part of defendants, the "land-occupiers."

The general rule with respect to the liability of an independent contractor for damages to third persons caused by defective construction is that, after his work is completed and accepted by the owner, he is not liable to a third person for damages suffered by reason of the condition of the work even though he was negligent in carrying out the contract. (45 C.J., Negligence, § 320, p. 884; *Kolburn* v. *P. J. Walker Co.*, (1940) 38 Cal.App.2d 545, 550 [101 P.2d 747].) An exception to the general rule is that the contractor is liable if the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons, provided the contractor knows, or should know, of the dangerous situation created by him, and the owner does not know of the dangerous condition or defect and would not discover it by reasonable inspection. (45 C.J., Negligence, § 320, p. 884; *Stultz* v. *Benson Lumber Co.*, (1936) 6 Cal.2d 688 [59 P.2d 100].)

It was stated in *Dahms* v. *General Elevator Co.*, (1932) 214 Cal. 733 [7 P.2d 1013], at page 741: " 'To state the proposition clearly and distinctly, it is that, although a machine may not be in its nature inherently dangerous, yet, if it is made so by the neglect of a manufacturer having notice and knowledge that it is to be used by others than the purchaser, and

injury results to others than the purchaser, directly traceable to that negligence, such manufacturer is liable to the person injured because of that negligence . . . .' Defendant as a matter of law is chargeable with knowledge that in undertaking to repair an instrumentality such as an elevator, and particularly the hoisting shaft and sheave thereof, any negligence on its part would cause injury to the operator of the car . . . . In such a case we think that defendant was under a duty to plaintiff to use ordinary and reasonable care in the repair and inspection of the elevator, and where as here the jury finds that defendant negligently performed its duties . . . the liability of the defendant to plaintiff is clear.''

In the case of *Hall* v. *Barber Door Co.,* (1933) 218 Cal. 412 [23 P.2d 279], the defendant had installed an overhead lift-type door, but negligently failed to attach safety appliances properly, and plaintiff, an invitee, was injured while using the door. The defendant, in that case, intended to do further work on the installation, although there had been a cessation of his work thereon for two days prior to the accident. The court said (p. 416) : '' . . . we have no hesitancy in holding that from such evidence the jury could have inferred that defendant was negligent in installing the door; that defendant left the door in such a condition as to constitute an implied invitation to use it; and that defendant was negligent in failing to warn the plaintiff and others lawfully on the premises of the hidden danger of which defendant had knowledge or, by the use of ordinary care, should have had knowledge.'' The court also said (p. 420) : ''Under such circumstances, the jury could have found that defendant knew, or should have known, that persons rightfully on the premises were likely to use that door; that defendant knew or should have known that it would be dangerous to use the door under those circumstances. We think the jury could have inferred that as left by defendant there was an implied invitation to use the door. The jury could also have found that as left by defendant the door was a dangerous instrumentality within the meaning of that doctrine as recently enunciated by this court in *Dahms* v. *General Elevator Co., supra,* and that as constructed and left by defendant, it was in legal effect a trap of the existence of which it was defendant's duty to warn even licensees.''

Respondent relies upon the case of *Kolburn* v. *P. J. Walker Co., supra,* (1940) 38 Cal.App.2d 545 [101 P.2d 747], in sup-

port of its contention that it was proper to sustain the demurrer herein without leave to amend. In that case a person who was working on a roof, which had been constructed ten years previously, fell through the roof and sued the builder of the roof, claiming a defect in the original construction. The roof described therein and the large overhead lift-type door with its attached lifting apparatus involved herein were very different types of instrumentalities. The type of object there involved (the roof) was such that the non-liability of the original builder was determined under the general rule hereinabove stated. In the case of *Hall* v. *Barber Door Co., supra,* (1933) 218 Cal. 412 [23 P.2d 279], it was held that the jury could have found that the type of object there involved (the overhead door) was a dangerous instrumentality and that the liability of the contractor came within the exception to the general rule.

In the present case, involving an overhead door and its lifting apparatus, the appellant should have been given an opportunity to amend his complaint to meet the requirements of the exception to the general rule.

 Appellant did not ask permission in the trial court to amend the complaint; however, such request was not necessary. When an order is made sustaining a demurrer without leave to amend, the question as to whether or not the court abused its discretion is open on appeal even though no request to amend was made. (Code Civ. Proc., § 472c.)

Judgment is reversed with directions to the superior court to permit appellant to amend his complaint.

Shinn, Acting P. J., and Shaw, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1943.