[Civ. No. 14377. Second Dist., Div. Two. July 3, 1944.]

MYRON T. KING, Appellant, v. GRIFFITH COMPANY (a Corporation) et al., Defendants; L. G. VINSON et al., Respondents.

Kenneth J. Murphy and Henry E. Kappler for Appellant.

James V. Brewer for Respondents.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries which he received when he fell into a ditch at the reception center for evacuated Japanese at Manzanar, California. At the conclusion of plaintiff's evidence the court granted defendants' motion for a nonsuit and plaintiff has appealed from the judgment entered thereafter.

The reception center at Manzanar in April, 1942, was being prepared as rapidly as possible by the United States Government for the reception of the Japanese who were being evacuated from the coastal areas. The general contractor for the work was Griffith Company, a corporation, and defendants Vincent and Pringle held a subcontract under which they were to excavate trenches for the laying of sewer

pipe. Plaintiff was an employee of Asbestos Roofing and Insulation Company, holder of a subcontract for the roofing and papering on the buildings.

The camp for the Japanese was built in blocks of buildings on a gentle slope from the mountains toward the main highway. The streets were being located on this slope approximately 400 feet apart and at intersections of about 600 feet intersecting streets were being prepared to run parallel to the highway.

Under their contract defendants were engaged in digging trenches with a machine known as a ditch digger. Plaintiff, an experienced roofer, had been working on this job for about two weeks before the accident in question and during that time he had crossed over a number of ditches dug by defendants without difficulty. At ten o'clock in the morning of April 27th, in attempting to step across a ditch which was approximately two feet in width and from four to six feet in depth he fell to the bottom of the ditch and was injured by striking a pipe which had been placed therein. He carried in his hand a bucket half filled with cement. His fall was caused by the cave-in of the edge of the trench for about 18 inches at an angle of approximately 45 degrees. Several of plaintiff's fellow workmen had crossed the ditch ahead of him. One of them, Mr. Dressel, had crossed about six feet in advance of plaintiff. When plaintiff approached the ditch he stopped at approximately one and one-half feet from its edge, and as he started to cross, the edge of the ditch gave way.

In his complaint plaintiff alleged that defendants were negligent in that they maintained the ditch in a dangerous and defective condition "in this that no cross-overs or platforms were provided as a covering for said ditch or trench to enable workmen including this plaintiff to cross over said ditch in safety." It was shown in evidence that the ditch in question was from three-fourths of a mile to a mile in length and that the accident occurred at a point approximately one-third the distance from its easterly end. One of the defendants testified that it was a general requirement on federal work "to keep open intersections where proposed streets were . . . for the crossings of the other contractors."

■■ Plaintiff was in the position of an invitee at the location of the accident. The owner of the premises, or the one in control of the premises, is not liable for injuries to an invitee which result from a danger which is as obvious to the

injured party as it is to the owner. The owner has the duty to exercise ordinary care but if the dangerous condition of the premises is obvious the owner is "entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses." (*Funari* v. *Gravem-Inglis Baking Co.*, 40 Cal.App.2d 25, 29 [104 P.2d 44]; and cases there cited; *Kolburn* v. *P. J. Walker Co.*, 38 Cal.App.2d 545 [101 P.2d 747]; *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793].) ▮ The application of this rule compels the conclusion that the trial court did not err in granting the nonsuit. Plaintiff had crossed the ditch, which had been dug by defendants, on a number of occasions. The accident occurred at about ten o'clock in the morning and the ditch was plainly visible. Plaintiff knew that others had crossed just ahead of him and for this reason could take particular notice of the soil to see if it had become loose or in danger of falling upon repeated crossings. Indeed, it can be well argued that plaintiff was in even a better position than defendants to know whether the ditch was then in an unsafe condition. Rather than walk to the end of the ditch or to take the time to throw in dirt to make a better crossing, plaintiff chose to step across the ditch, following Dressel, who had crossed immediately ahead of him. In doing so he assumed the risk of making the crossing.

▮ Plaintiff complains of the refusal of the trial court to permit him to present proof that the sides of the trench had not been shored or braced and to permit him to amend his complaint after the commencement of the trial specifically alleging negligence of defendants in this regard. Defendants objected to evidence on the subject of failure to brace the trenches, claiming that a new cause of action would thereby be set up after the expiration of the statute of limitations. However, regardless of this objection, it is clear that the court was justified in the action taken, for, if it could be shown that defendants were negligent in the matter of omitting the bracing, it is apparent that plaintiff in crossing the trench with knowledge that the bracing had been omitted was guilty of contributory negligence.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 27, 1944, and

appellant's petition for a hearing by the Supreme Court was denied August 30, 1944. Curtis, J., Carter, J., and Schauer, J., voted for a hearing.