[Civ. No. 20009.   Second Dist., Div. Three.   July 13, 1954.]

CARL B. MITCHELL, Appellant, v. A. J. BAYER COMPANY (a Corporation) et al., Respondents.

Arthur Garrett and Lewis Garrett for Appellant.

Belcher, Kearney & Fargo and Wm. F. Clements for Respondents.

SHINN, P. J.—Plaintiff brought this action for damages occasioned by a fall he sustained while employed as an iron worker on the Statler Hotel building in Los Angeles. Defendants were A. J. Bayer Company and Robert E. McKee, the general contractor. A judgment of nonsuit was entered upon defendants' motion. Plaintiff appeals from the order, which is a judgment. (*Costa* v. *Regents of University of Cal.* 103 Cal.App.2d 491 [229 P.2d 867].)

Plaintiff fell down a stairway and sustained serious injuries. In his complaint he alleged he was working on the premises at the invitation of the defendants and that he suffered his fall as a result of the negligence of the defendants in the construction and maintenance of a hall and stairway. The following is a summary of Mr. Mitchell's testimony, taken from the briefs.

Plaintiff had been an iron worker in construction work since 1916. He had worked for five or six months on the new Statler building in Los Angeles installing windows on all the floors. On Sunday, February 17th, he was sent from the 13th floor to the ballroom floor to work on windows; in looking for an outlet in which to plug in his electric drill he found some that were not "live"; he saw a black wire on the hall ceiling and followed it; he came to a partition, saw a hole in the partition high enough to walk through and 3 or 4 feet wide; there was no artificial light; there was light for work on the windows; he could see the wire going through

the partition; he came to a stop near the hole, he could see nothing inside; it was pitch dark; he could not see the surface of the floor inside the hole, or any walls, and did not know what was inside; he walked through the hole without using any artificial light and fell down a stairway which led from the ballroom floor to the seventh floor, but he did not see the stairway or anything else as he fell and did not fall over anything as far as he could remember.

Previous to his fall plaintiff had not been in that particular part of the hotel nor had he used the stairway. There was evidence that inside the opening through which plaintiff passed the platform was visible, from which it could be inferred that plaintiff did not look before entering. Further testimony was elicited from witnesses Gray and Davis called by plaintiff under section 2055, Code of Civil Procedure. Gray was a safety inspector for McKee. His duties were to take protective measures at open holes, elevators, stairways, and other hazardous locations to guard against accidents. This had been his work for 10 years for McKee Company. Lighting was maintained on all working days. On the stairway in question there was a pipe handrail. There was a metal strip on the edge of each step, it being the intention to cover the step with a layer of cement to the top of the strip. Boards were laid on the steps to level them off and to prevent catching a toe on the metal strip. Mr. Gray had used the stairway every working day. Planks were on the steps the Friday before the accident. On Monday Mr. Davis found that the top plank had been removed.

We do not believe the court erred in granting judgment of nonsuit. Plaintiff says defendants were negligent in failing to "protect the upper landing and stair treads involved and provide lighting suitable for all the workmen in their work." He does not state how the stairway should have been protected. They were all barricaded until metal steps had been installed; thereafter they were in general use. Defendants had no duty to keep them barricaded. Plaintiff says further that defendants were negligent in removing or permitting the removal of the board on the top step. The evidence was that the board was in place on Friday, two days before the accident and also testimony that it was in place on Saturday afternoon. There was no evidence that defendants removed it or caused or permitted it to be removed. Mr. Davis, a guard, testified that an employee of the city sewer department asked for a board on Saturday and that he re-

ferred him to the sawmill. Plaintiff says it could have been inferred that Mr. Davis permitted removal of the board. We think not. There was no evidence that the city employee made his request in the vicinity of the stairway or that he took the board or that Mr. Davis had any reason to believe that it would be removed. Plaintiff was working on windows, under safe conditions. There were no circumstances which would have caused defendants to anticipate that plaintiff would be entering the stairway area.

Plaintiff contends the hall and stairway should have been lighted. All areas were lighted for workmen as they had occasion to use them. There was, as we say, no reason to anticipate that on the Sunday in question, the men working on the windows on other floors would have reason to use the hall and stairway.

■ The duties of the defendants respecting the condition of the premises were to be judged in the light of the rule stated in *Kolburn* v. *P. J. Walker Co.*, 38 Cal.App.2d 545, 549 [101 P.2d 747]: "The rule is established in California that an invitee to an incompleted building in process of construction is invited to use such building in its then condition." Other cases which state the rule are *Irvine* v. *J. F. Shea Co., Inc.*, 41 Cal.App.2d 458, 460 [107 P.2d 80], *Nagle* v. *City of Long Beach,* 113 Cal.App.2d 669, 671 [248 P.2d 799] and *Ambrose* v. *Allen,* 113 Cal.App. 107, 113 [289 P. 169]. Inasmuch as plaintiff does not question the rule or its applicability in the present case further discussion of defendants' claimed breach of duty is unnecessary. There was insufficient evidence to prove negligence of the defendants.

■ We are also of the opinion that plaintiff was shown to have been guilty of negligence as a matter of law. He stepped into an area with which he was unfamiliar; it was "pitch dark" and he took no precautions for his safety. His own testimony failed to disclose any reason for his falling. He did not trip on anything or stub his toe against the metal strip which was exposed because of the absence of a board upon the step. He had been engaged on construction jobs for some 37 years. In his briefs he has stated no reason for his conduct except that he was following the lead of a wire he was tracing. This may account for his falling as he passed through the opening into utter darkness but it does not acquit him of negligence. We, of course, agree that the question of contributory negligence is seldom presented as one of law, but we cannot agree that the conduct of plaintiff, as related by

him, was reasonably consonant with the exercise of ordinary care. ▮ The facts of the present case bring it within the rule stated in *Robinson* v. *King*, 113 Cal.App.2d 455 [248 P.2d 477] : ''Where an invitee on premises, being unfamiliar therewith, proceeds into a place of impenetrable darkness and falls into an aperture and is injured, as a matter of law he does not exercise ordinary care for his own safety and hence any injury he receives is the result of his own contributory negligence for which he may not recover.''

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.