[Civ. No. 22260. Second Dist., Div. One. Dec. 18, 1957.]

WALTER H. MARTIN, Appellant, v. IDEAL PACKING COMPANY (a Corporation), Respondent.

————
*Assigned by Chairman of Judicial Council.

Arthur Garrett for Appellant.

Murchison & Cumming for Respondent.

FOURT, J.—This is an appeal from a judgment in favor of the defendants granted by the court notwithstanding the verdict of a jury in favor of the plaintiff, in a personal injury action.

There is no conflict in the evidence concerning the following facts: the accident occurred in the late afternoon of February 16, 1954, while plaintiff was employed as a carpenter by Twentieth Century Construction Company. The Twentieth Century Construction Company was an independent contractor engaged by defendant for the construction of a

rendering plant building under one contract, and a paunch tank under a separate and different contract.

Plaintiff had two or three weeks previous to the time of the accident, done some carpentry work on the forms for the floor and on the flat-type roof of the 40 feet by 60 feet rendering plant building. He had, among other things, nailed down some of the sheathing on the roof, at which time he had been instructed there would be three 4 feet by 4 feet openings left in the roof to accommodate the stacks of machinery to be installed therein by defendant.

Plaintiff had come back to the premises shortly before the day of the accident to build the forms for the self-supporting rectangular paunch tank 7 feet by 12 feet being constructed approximately two feet to the south of the rendering plant building. On the day of the accident plaintiff, at various times, was over and around the paunch tank, watching the forms, removing planks for the pouring of cement, watching the pour, replacing the planks and tamping down the cement, which process was continued during the construction of the tank. When the cement was almost to the top of the forms, plaintiff climbed an iron ladder up the south wall of the rendering plant building and onto the roof thereof. At this time he was directly facing a hole in the roof of the rendering plant building which was approximately 9½ feet from the south wall and approximately 4 feet from the east wall. Plaintiff testified that as he stepped over the parapet wall of the rendering plant building he did not observe whether the opening in question was covered or uncovered. The parapet wall of the rendering plant building was about 5 feet to 6 feet higher than the top of the paunch tank, and was about 2½ feet higher than the level of the roof of the building. After stepping on to the roof, plaintiff turned around. He then received one or more planks which had been removed and handed up to him from the top of the paunch tank. Plaintiff had placed the planks so received by him across the corner formed by the south and east parapets of the rendering plant building, and was in the process of receiving another plank when he fell through the hole in the roof to the floor a story below, sustaining serious injuries.

There was no direct evidence as to who had removed the coverings on the hole. There was some testimony to the effect that employees of a roofing subcontractor had worked on the roof of the rendering plant building for Twentieth Century Construction Company; and there was evidence that

that Jack B. Bornstein, doing business as Twentieth Century Construction Company, had been asked by defendant's employees if they (defendant's employees) could take over the rendering plant building for the purpose of installing equipment in the building, and that Bornstein had said they could, even though later he was to place an overhead garage door and steel sash in the building.

Tom DeRouen, a fellow worker of the plaintiff on the paunch tank, gave the following testimony regarding the accident: "Mr. Reed handed up the first board, short board, to Mr. Martin, which was laying crossways of the other board, therefore enabling me to lift the long ones that were laying lengthwise. Then I picked up the first board and handed it to Mr. Martin, which he received, and the second board, which would have been the last going up, he pulled it and stumbled backward, and when I saw him going over backward, I climbed up the ladder to see if he was hurt, and he was not there. The hole was open, and I went to the hole and seen him laying on the floor at the bottom."

Appellant's first contention is that it was error to find defendant free from negligence as a matter of law ██ The rule is set forth in *Estate of Green,* 25 Cal.2d 535, at page 546 [154 P.2d 692]:

" 'The right of the trial court to set aside a verdict and enter a contrary judgment is absolutely the same as its right to grant a nonsuit. [Citing authorities.] The court should, therefore, grant such a motion when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. . . .' " (See also *Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 117-118 [291 P. 184]; *Free* v. *Furr,* 140 Cal.App.2d 378, 381 [295 P.2d 134]; *Umsted* v. *Scofield Engineering Const. Co.,* 203 Cal. 224 [263 P. 799]; *Newson* v. *Hawley,* 205 Cal. 188 [270 P. 364]; *Hall* v. *Osell,* 102 Cal. App.2d 849 [228 P.2d 293].)

A motion for judgment notwithstanding the verdict has been described as in the nature of a demurrer to the evidence. (See *Butler-Veitch, Inc.* v. *Barnard,* 77 Cal.App. 709 [247 P. 597].)

It was alleged in the amended complaint that "while plaintiff was *lawfully on the roof* of a building owned, operated and maintained by the defendants at said time and place, *at the invitation, express and implied,* of the defendants and each of them" certain things happened. (Emphasis added.)

 It is true as a general proposition that an employee of a contractor is regarded as a business invitee as to those portions of the premises which he might reasonably be expected to use. "The rule is established in California that an invitee to an incompleted building in process of construction is invited to use such building in its then condition." (*Mitchell* v. *A. J. Bayer Co.,* 126 Cal.App.2d 501, 504 [272 P.2d 870] ; see also *Kolburn* v. *P. J. Walker Co.,* 38 Cal.App. 2d 545, 549 [101 P.2d 747].) Further it is settled that the same individual as to the same premises may at various times occupy various legal relations toward the owner, and that the rights and duties of the respective parties vary in accordance with the respective changes of status. (See *Koppelman* v. *Ambassador Hotel Co.,* 35 Cal.App.2d 537, 541 [96 P.2d 196].)

It is significant that the theory of the case advanced by appellant in his brief is predicated upon the statement that plaintiff was a business invitee. He has cited no authority to support his contention. Appellant assumes that when he went up onto the roof of the rendering plant he retained the status of a business invitee, and ignores the possibility that his status may have changed to that of a licensee or a trespasser if his use of the roof could not have been anticipated by defendant.

 There is' no contention that there was a request by anyone in behalf of the plaintiff or the Twentieth Century Construction Company to use the rendering plant building in the construction of the paunch tank; and there is no evidence that defendant had ever seen plaintiff on the roof at any time during the period he was working on the paunch tank, or that defendant knew that the plaintiff was on the roof; and there were no circumstances which would have caused the defendants to anticipate that the plaintiff would be using the roof of the rendering plant building in the construction of the paunch tank.

Appellant further assumes that solely by showing the proximity of the rendering plant building to the paunch tank, it is proper to draw the inference therefrom that defendant

had notice that plaintiff would go up onto the roof of the rendering plant building. Appellant further asserts that by reason of the proximity of the structures, the defendant by inference could have contemplated plaintiff's presence on the roof of the rendering plant building. He then deduces that he established by inference that defendant should have contemplated plaintiff's presence on the roof. In this manner, appellant assumes to have created a duty owing by defendant to plaintiff to have the roof of the rendering plant in a safe condition for plaintiff in his work on the paunch tank.

The appellant has not contended that the doctrine of res ipsa loquitur is applicable in this case.

In denying the motion for a directed verdict, the trial judge commented that the case "possesses too many secrets, accidental secrets of fact," and added that he thought the final argument might explain how plaintiff "dived" through the "dumb, silent hole in the roof," apparently "impelled by some force not yet revealed."

We have disregarded the testimony in the record that there was no need to use the rendering building to complete the paunch tank, and that the planks which were removed from the top of the tank could have been temporarily stored on the other half of the tank or laid lengthwise, leaning them up close to the top of the paunch tank.

A verdict cannot be upheld by resort to speculation, guess or conjecture. (*Oldenburg* v. *Sears, Roebuck & Co.,* 152 Cal.App.2d 733, 741 [314 P.2d 33].) We are not convinced that appellant by linking a series of so-called inferences together established by substantial evidence the essential affirmative allegations necessary to support the verdict.

In view of the foregoing, it is not necessary to consider appellant's second contention that it was error to find plaintiff guilty of contributory negligence as a matter of law.

Our attention has not been called by appellant to any adverse evidentiary ruling or other alleged error committed during the progress of the trial; on the contrary, he has affirmatively stated as follows: "The trial judge conducted the trial with the same fine judgment and impeccable fairness as have characterized his work throughout a long and brilliant career as a judge of the superior court. We take exception to none of his rulings or instructions excepting the order granting defendant judgment N.O.V. and, of course, the judgment."

We find no ground upon which to order a reversal of the judgment.

The judgment is affirmed.

White, P. J., and Drapeau, J.,* concurred.

A petition for a rehearing was denied January 13, 1958, and appellant's petition for a hearing by the Supreme Court was denied February 11, 1958. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.