[Civ. No. 14952. Second Dist., Div. Three. Oct. 8, 1945.]

RUSSELL B. SIMPSON, Appellant, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Corporation) et al., Respondents.

Porter C. Blackburn for Appellant.

Roane Thorpe, Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

DESMOND, P. J.—Plaintiff, in an action for declaratory relief, sought an adjudication of the rights existing between the parties to a certain contract. The court sustained a general and special demurrer to a third amended complaint, denied a motion that a fourth amended complaint be filed and ordered the action dismissed. From this judgment of dismissal an appeal is taken.

According to the complaint, the plaintiff agreed to loan to one Nicholetti and wife the sum of $700 to be repaid in in-

stallments.  The Nicholettis proposed to furnish security by assigning a leasehold interest in real property which they reported was free from encumbrance, but the plaintiff, wishing to verify this statement, employed the defendants to investigate the status of the proposed security and to determine whether it was actually unencumbered.  The plaintiff deposited the sum of $700 to the credit of the Nicholettis with the defendants, Security First National Bank of Los Angeles and Title Guaranty & Trust Company, who accepted the money and agreed to make the search and report upon the availability of the proposed security.  The plaintiff delivered the money with instructions to turn it over to the borrower when the security was found to be unencumbered, but not otherwise.  The defendants made the investigation and delivered the money to the Nicholettis, but the plaintiff has never received from them the security promised or the report as to its status.  When the plaintiff called upon the defendant, Security First National Bank, for a report upon the matter the claim was made by that bank that it was an agent merely of the other defendant, Title Guaranty & Trust Company, and that the plaintiff knew the relationship of principal and agent between the two.  The bank claimed that because of that relationship it had the duty merely of delivering certain papers to its principal, the defendant Title Guaranty & Trust Company, and that other duties arising out of the transaction should be performed by that company.  The title company claims that they are not responsible to the plaintiff for the performance of the contract as principal but that they are merely agents of the other defendant, Security First National Bank, and that their agency was known to the plaintiff; further, that if there is any responsibility for the performance of the contract it rests with the Security First National Bank of Los Angeles.  The plaintiff alleges that the Security Bank is the principal and that the defendant title company is also primarily liable for the performance of the obligation of the transaction; that the obligation of both defendants is primary and several.  In the closing paragraph of the complaint plaintiff states he is unable to determine which of the two defendants is primarily liable as principal, or whether both defendants are jointly and/or severally liable to the plaintiff, or in what capacity or to what extent the said defendants are responsible, or whether both defendants are in default, or if not, which of the defendants has breached

the contract; that by reason of the adverse claims between the defendants and denials entered by them as to their liability under the terms of the written contract, an actual and bona fide controversy has arisen with respect to the rights and duties of the respective parties under the agreement. The complaint concludes with a prayer that the court enter its decree declaring the legal rights and duties of the plaintiffs, including the obligations of the defendants under the contract and determining to what extent either of the defendants is liable and whether a breach of contract has occurred by them jointly, severally or otherwise; and, "if the Court find a breach of said contract by the defendants or either of them, shall make and assess damages against the defendants in behalf of the plaintiff resulting from said breach jointly or severally as the evidence may determine; . . ."

The facts alleged, in our opinion, were not such as to require the court to entertain an action for declaratory relief. Plaintiff had a cause of action at law for the alleged breach of the contract, and he alleged facts which, if proved, would have rendered both defendants liable. Although he also alleged that he was uncertain whether both were liable, he prayed that the court determine that question and award him relief by way of damages. If we should assume for the purposes of our opinion that a cause of action at law, jurisdiction of which was in the municipal court, could thus be converted into one for declaratory relief, triable in the superior court, it would be within the discretion of the latter court to refuse to accept jurisdiction and to leave plaintiff to his action at law.

It seems obvious to us that the trial judge in sustaining defendants' general demurrer without leave to amend and following that ruling by a dismissal of the action, adopted that course as a convenient and effective means of refusing to entertain the petition for declaratory relief. Section 1061, Code of Civil Procedure, provides for such refusal where a "declaration or determination is not necessary or proper at the time under all the circumstances." A similar ruling was made by the trial court in *Moss* v. *Moss* (1942), 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422], and the Supreme Court, although holding that the allegations of the complaint in that case were sufficient to state a cause of action under section 1060, Code of Civil Procedure, stated (p. 643) that "While it might be better practice for the trial court to overrule the demurrer and

exercise its discretion in denying declaratory relief by some other procedure, as, for example, upon a motion to dismiss (cf. *Cutting* v. *Bryan,* 206 Cal. 254 [274 P. 326]), the fact that it did so in ruling upon the general demurrer cannot be held reversible error in view of the decided cases in this state." Continuing, the court said (p. 643): "Since we have held that this complaint was sufficient to authorize a declaration of plaintiff's obligations under the contract, we must now consider whether the trial court abused its discretion in denying declaratory relief under the circumstances here presented."

We are confronted by the same problem in the instant appeal and on the authority of two cases mentioned in *Moss* v. *Moss, supra,* we decide in the present case, as the Supreme Court did in the Moss case, that the trial judge exercised a proper discretion in sustaining a demurrer without leave to amend. The two cases are *A. Hamburger & Sons, Inc.* v. *Kice* (1933), 129 Cal.App. 68 [18 P.2d 115], and *Rapaport* v. *Forer* (1937), 20 Cal.App.2d 271 [66 P.2d 1242], and they are cited in the Moss case as authority for the following statement of the law (p. 642): "Where facts appear from the face of the complaint which would justify a trial court in concluding that its determination is not necessary or proper, it has been held that the court may sustain a general demurrer to the complaint for declaratory relief." In the Hamburger case, the late Mr. Justice Conrey, in a concurring opinion said (p. 70): "The respondents, as to whom the action was dismissed, were three defendants whose individual stockholder's liability, as to each respondent, was less than two thousand dollars. These causes of action, therefore, were not within the jurisdiction of the superior court. These facts are shown by appellant's complaint. . . . And if it be contended that the dismissal for want of jurisdiction was erroneous because the court did have jurisdiction for the purposes of a declaratory judgment, I think that (without answering that question) there is, at all events, one sufficient answer to that contention. The order sustaining the demurrer of respondents 'as to jurisdiction', rested primarily upon the fact that plaintiff had not stated, against respondents, a claim amounting to a sum within the jurisdiction of the court. Having so determined, the court had at least a discretionary authority to decline to exercise against respondents the power given by statute concerning declaratory judgments. This discretion is vested in the court by the direct terms of the statute. (Code Civ. Proc., sec. 1061.)" In the

Rapaport case, the court, referring to *A. Hamburger & Sons, Inc.* v. *Kice, supra,* expressed its views in the following language (p. 276) : "The court there refused to intervene in the action seeking declaratory relief on the ground, as here, that the amount was within the jurisdiction of the municipal court, and therefore the superior court had a discretionary authority to decline to exercise the power by statute concerning declaratory judgments."

As in these two cases, the amount involved appeared from the face of the complaint to be less than $2,000 and, therefore, not within the jurisdiction of the superior court, so in this appeal it appears from the record that the amount of the loan was $700.

Our decision being based, as it is, on these two recent cases makes it unnecessary to dilate upon the points made in the briefs and orally. That, however, does not mean that we have failed to consider them. We have read the cases cited, including *Columbia Pictures Corp.* v. *De Toth,* 26 Cal.2d 753 [161 P.2d 217], upon which appellant strongly relies, but are not persuaded by any of them that this was not a proper case for the court to refuse to exercise its power to proceed to a declaration or determination.

Judgment affirmed.

Shinn, J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 29, 1945.