[Civ. No. 16827.   Second Dist., Div. Two.   May 4, 1949.]

CITIZENS' COMMITTEE FOR OLD AGE PENSIONS (a Corporation), Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Edward Raiden for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles County), John B. Anson,· Deputy County Counsel, J. Frank Coakley, District Attorney (Alameda County), J. Charles McGoldrick, District Attorney (Sonoma County), M. Arthur Waite, District Attorney (Ventura County), Leroy McCormick, County Counsel (Tulare County), Joel E. Ogle, County Counsel (Orange County), Earl Redwine, County Counsel (Riverside County), and William R. MacDougall for Respondents.

WILSON, J.—The question to be determined upon this appeal is whether the court abused its discretion in refusing a judgment for declaratory relief.

Plaintiff, alleging itself to be a taxpayer, brought this action (1) for an injunction to restrain defendant board of supervisors from approving and ordering the payment of an appropriation to defendant County Supervisors Association, and (2) for a judgment declaring the appropriation made by defendant board to defendant association in the 1947-48 budget to be illegal and unauthorized. When the order to show cause why a preliminary injunction should not issue came on for hearing it appeared that defendant board had ordered a warrant to be drawn in favor of defendant association for the full amount of the appropriation, and the county auditor had delivered the warrant to defendant association, hence a preliminary injunction restraining such action was denied. Defendants' demurrers to the amended complaint were sustained without leave to amend and the court ordered the action dismissed. Plaintiff has appealed from the judgment of dismissal.

Plaintiff alleges that defendant association was incorporated to carry out the purposes of a statute authorizing legislative bodies of counties, through their representatives, to attend

sessions of the Legislature of this state and of the Congress of the United States, or of any committee of either body, for the purpose of advancing or opposing legislation. (Stats. 1935, ch. 26, p. 92; amended by Stats. 1941, ch. 30, p. 469; 2 Deering's Gen. Laws, Act 4276 (1944 ed.), p. 1506.)

Plaintiff contends that (1) the statute is unconstitutional, (2) defendant board was and is without power to make appropriations for the purposes purportedly authorized by the act, and (3) defendant association was not and is not authorized to accept county funds.

There was no ground for an injunction since prior to the hearing defendant board had made the appropriation and ordered the warrant for the amount thereof drawn, and the county auditor had delivered the warrant to the payee. The county treasurer was not a party to the action, hence an injunction could not have been issued restraining him from paying the amount of the warrant.

Since the cause of action for an injunction had become moot at the time of the hearing it is contended that only declaratory relief can give plaintiff as a taxpayer a determination of its legal rights against defendants. If the appropriation was made illegally or for an unlawful purpose any taxpayer may maintain an action for the recovery into the county treasury of the public funds so expended (*Osburn* v. *Stone,* 170 Cal. 480, 482-3 [150 P. 367]; *Mines* v. *Del Valle,* 201 Cal. 273, 279-280 [257 P. 530]; *Miller* v. *McKinnon,* 20 Cal.2d 83, 95 [124 P.2d 34, 140 A.L.R. 570]; *Hansen* v. *Carr,* 73 Cal.App. 511, 518 [238 P. 1048]; *Newton* v. *Brodie,* 107 Cal.App. 512, 517 [290 P. 1058]) after making demand on the proper public officials to commence the action, unless it be made to appear that demand would be unavailing. (*Briare* v. *Matthews,* 202 Cal. 1, 8 [258 P. 939]; *Newberry* v. *Evans,* 97 Cal.App. 120, 125 [275 P. 465].)

If plaintiff is correct in its contention that the money was expended for an unlawful purpose it has a cause of action at law as a taxpayer to recover it. Every question that could have been determined by a declaratory relief judgment, including the constitutionality of the statute and the validity of the payment made to defendant association, may be presented to the court for decision in a taxpayer's suit to recover the money. Even if a controversy actually exists the litigants have not an absolute right to a determination of it by invoking declaratory relief. (*Monahan* v. *Dept. of Water & Power,* 48 Cal.App.2d 746, 750 [120 P.2d 730].) The court is justified

in refusing a judgment under the declaratory relief provisions of the code "where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061; *City of Alturas* v. *Gloster*, 16 Cal.2d 46, 49 [104 P.2d 810]; *Simpson* v. *Security-First Nat. Bank*, 71 Cal.App.2d 154, 157 [162 P.2d 494].)

At the time of the hearing of the demurrers to the amended complaint plaintiff tendered in open court and requested leave to file an unserved proposed second amended complaint, which request was denied.

Plaintiff had amended its pleading once of course as permitted by section 472 of the Code of Civil Procedure. Section 473 provides that the court "in its discretion, after notice to the adverse party," may allow an amendment to a pleading. Plaintiff had not served the proposed amendment on defendants, and had not served notice of motion for leave to file it nor an affidavit showing any reason why its filing was either necessary or proper. An affidavit of merits (*Janson* v. *Bryant*, 52 Cal.App. 505, 506 [199 P. 542]) and an application on notice (Code Civ. Proc., § 473; *Buckley* v. *Howe*, 86 Cal. 596, 605 [25 P. 132]; *Minor* v. *Carpenter*, 28 Cal.App. 368, 370 [152 P. 737]) are necessary prerequisites to a motion for leave to amend a pleading. The court did not err in denying permission to file the proposed second amended complaint.

Judgment affirmed.

The purported appeals from the orders (1) sustaining the general and special demurrers to the amended complaint without leave to amend, (2) granting defendants' motion to dismiss, (3) granting defendants' motion to strike, (4) denying plaintiff's motion to file a second amended complaint, all nonappealable orders, are dismissed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 27, 1949. Carter, J., and Traynor, J., voted for a hearing.