[Civ. No. 23960.   Second Dist., Div. One.   July 31, 1959.]

LILLIAN GENEVIEVE MORGAN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; FREDERICK J. MORGAN, Real Party in Interest.

Butterworth & Smith for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondents.

Miller, Vandegrift, Middleton & Sackin for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner is the plaintiff in an action for divorce commenced by her on August 1, 1958, against her husband Frederick J. Morgan, the real party in interest herein. She here seeks a writ of mandate to compel the respondent court to permit her to file in the divorce action an amendment to her complaint setting forth an additional cause of action by which she would allege as a grounds for divorce adultery committed by the defendant with a named corespondent.

The relevant facts: The original complaint for divorce filed by the petitioner set forth but one cause of action in which the defendant was charged with extreme cruelty. At the time of filing this complaint she had reason to believe that the defendant had committed adultery but did not have positive proof thereof. After the complaint was filed, extended negotiations took place between petitioner's counsel and counsel for her husband directed to the question of a property settlement, alimony and child support. The parties have four minor children. During these negotiations she obtained what she deemed to be positive proof of the adultery and advised her counsel thereof but further advised him that in the interest of her children and family name she did not desire to amend her complaint until it became evident that a contested action for divorce and for adjudication of property rights could not be avoided.

---

*Assigned by Chairman of Judicial Council.

Upon it becoming evident that a satisfactory agreement could not be arrived at with her husband she directed her counsel to file an amended complaint charging adultery. Counsel for petitioner then sought the consent of the husband's counsel to the filing of such an amendment. This being refused, he filed a notice of motion to amend attaching thereto a copy of the proposed amendment. This motion was based upon the affidavit of Mr. Butterworth, one of petitioner's attorneys of record and upon her own affidavit.

In substance the affidavit of Mr. Butterworth states that subsequent to the filing of the complaint the plaintiff obtained evidence of the fact that the defendant had committed adultery with the named corespondent; that the charge of adultery set forth in the proposed amended complaint was set forth in good faith upon the belief that it could be sustained at the time of the trial in every particular and that in his opinion the amendment was necessary in order to properly protect the rights of the plaintiff.

The affidavit of petitioner set forth in substance that subsequent to the filing of the complaint she had talked personally with the corespondent named in the proposed amendment and that the corespondent had told her that she had been living with the defendant husband off and on for over the past four years in both Palm Springs and Los Angeles; that this was the first time she had positive proof of the fact of defendant's adultery; that affiant did not wish to charge the father of her children with adultery and that only upon ascertaining that it was impossible to achieve a fair and reasonable property settlement had she instructed her attorney to amend the complaint so as to charge adultery.

The motion was opposed by counsel for the husband, the opposition being founded upon the affidavit of Mr. Vandegrift, one of the husband's counsel, and the affidavit of the named corespondent. The substance of Mr. Vandegrift's affidavit was that he had been advised by counsel for petitioner before the commencement of the action for divorce that he could prove adultery on the part of the defendant and that he would in the complaint charge adultery unless an agreeable property settlement was reached, and that on August 1st at the time of the filing of the complaint Mr. Butterworth also advised him that the person with whom the husband had committed adultery was the corespondent named in the proposed amendment; that Mr. Butterworth had further stated that on August 21, 1958, at the hearing of an order

to show cause, that the complaint had been filed on the general grounds of cruelty in order to preserve the reputations in the case and that he intended to file an amendment, and that on numerous occasions thereafter and during negotiations for a property settlement, Mr. Butterworth advised that he would file an amendment to the complaint and allege adultery unless a satisfactory property settlement, that is, one giving to the petitioner more than 50 per cent of the community property, was arrived at.

In her affidavit, the alleged corespondent denied making any admissions to petitioner of adulterous conduct with the defendant but did not deny the fact of adultery.

At the time the motion to amend was made, the divorce action had not been set for trial nor had any motion to set it for trial been made by either party and real party in interest respondent does not and could not contend that he was taken by surprise, nor does he contend that he would suffer any legal detriment through the filing of the amendment.

The trial court denied petitioner's motion for leave to file the amendment to the complaint. We have reached the conclusion that in so doing the court acted arbitrarily and abused its discretion.

■ While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court, the exercise of this discretion must be sound and reasonable and not arbitrary or capricious. (*Richter* v. *Adams,* 43 Cal. App.2d 184, 187 [110 P.2d 486] ; *Eckert* v. *Graham,* 131 Cal. App. 718, 721 [22 P.2d 44].) ■ And it is a rare case in which "a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case." (*Guidery* v. *Green,* 95 Cal. 630, 633 [30 P. 786] ; *Marr* v. *Rhodes,* 131 Cal. 267, 270 [63 P. 364].) ■ If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. (*Nelson* v. *Superior Court,* 97 Cal.App.2d 78 [217 P.2d 119] ; *Estate of Herbst,* 26 Cal.App. 2d 249 [79 P.2d 139] ; *Norton* v. *Bassett,* 158 Cal. 425, 427 [111 P. 253].)

■ In the present case the proposed amendment stated a cause of action, the granting of leave to file it could not delay the trial of the action or in anywise prejudice the de-

fendant, while the denial of the right to file it might seriously prejudice the plaintiff, for without the amended pleadings she might be unable to prove many facts that would have a strong influence upon the court in its division of the community property between the parties.

It is true as contended by the respondent court in its return that if plaintiff is able to prove the cause of action set forth in the original complaint, a court might grant her all of the community property but it does not follow that a court would do so or grant her the same amount of community property on proof of cruelty as it would upon the proof of cruelty plus repeated acts of adultery, nor is there any sound reason why a plaintiff having two causes of action for divorce should be limited to proving but one of them.

It is the contention of the real party in interest that petitioner knew of the alleged adultery at the time she filed her complaint and therefore should not be permitted to now amend to allege it. There are no elements of an estoppel present and we are unable to see why the rule should be that plaintiff must by her original action assert each and every cause of action that she may have. The only decision cited by the real party in interest to support this proposition is *Keller* v. *Keller,* 1 Labatt 62 (Cal. 1857). While the matter quoted by real party in interest from the decision of the District Court for the Judicial District of San Francisco tends to support the contention of the real party in interest, the decision being that of a trial court is not binding upon us nor do we find any other authority to support it. Further, while plaintiff might have set forth in her original complaint a cause of action based upon the allegation of adultery, her action in withholding such a charge at that time is one to be commended rather than condemned for it was to the best interest of the defendant and certainly to that of the children that such a charge be not made in the public records if the making of it could be avoided. The fact that the trial court ignored the reasons given by the plaintiff for not incorporating the charge in her original complaint and which reasons are unchallenged, emphasizes the abuse of its discretion.

Let a peremptory writ of mandate issue requiring the respondent court to make and enter its order granting leave to the plaintiff to file her proposed amendment to her complaint in action Number D 540911 in the respondent court.

White, P. J., and Lillie, J., concurred.