[Civ. No. 26770.   Second Dist., Div. Three.   Feb. 8, 1963.]

JOSEPH A. PLUMMER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; VEONA C. PLUMMER, Real Party in Interest.

Gendel & Raskoff and Joel K. Mithers for Petitioner.

Harold W. Kennedy, County Counsel, Donald K. Byrne and John J. Collins, Deputy County Counsel, for Respondent.

No appearance for the Real Party in Interest.

FILES, J.—Petitioner is the plaintiff in a divorce action who seeks a writ to compel the trial court to grant leave to file an amended and supplemental complaint. The facts alleged in the petition are not controverted.

The complaint, filed October 24, 1961, sought a divorce from the defendant wife (real party in interest here) upon the ground of desertion. The wife answered and cross-complained for a divorce on the ground of extreme cruelty. Pretrial was set for August 1, 1962, but was continued to September 24, 1962. On August 13, 1962, plaintiff brought on for hearing his motion for leave to file an amended and supplemental complaint. The motion was accompanied by a copy of the proposed pleading. The notice stated that the motion would be based upon a declaration of plaintiff, but no such declaration was made a part of the petition here.

The proposed pleading was in three counts. The first repeated the original allegations of desertion. The second count alleged on information and belief that defendant had been living in adultery with a named individual at a specified street address in Los Angeles both before and after the date on which action was begun. The third count alleged that defendant had treated plaintiff with extreme cruelty in that she had been living with another man as husband and wife.

No counteraffidavit or other written opposition was filed by defendant. The motion was submitted and on August 15, 1962, was denied. The minute order gives no reason for the decision, but the return of the respondent court states that the judge, in accordance with his practice, had studied the motion in advance and discussed his views from the bench, to permit full argument on them.

On September 4, 1962, a motion for reconsideration was heard. This motion was accompanied by a declaration of the plaintiff stating that at the time of the filing of the complaint he was unaware of his wife's whereabouts, that he had believed that she was living in Montebello, that he had no reason to assume, nor did he know, that she had committed adultery, and that such information was first obtained "about July of 1962 and the motion for leave to file a

Supplemental or Amended Complaint was made promptly thereafter.'' The motion for reconsideration was denied.

This court granted an alternative writ of mandate to bring the matter here because the petition appeared to present a situation similar to *Morgan* v. *Superior Court,* 172 Cal.App. 2d 527 [343 P.2d 62].

The applicable law is set forth in *Dos Pueblos Ranch & Imp. Co.* v. *Ellis,* 8 Cal.2d 617, 622 [67 P.2d 340], as follows: ''No rule is more firmly established in this state than that which holds that the amendment of pleadings is within the sound discretion of the trial court. [Citations.] Where such discretion has been exercised by a trial court, a reviewing court will not disturb its action unless the record shows a manifest or gross abuse of discretion.''

The return of the respondent court incorporates an affidavit of the judge, setting forth several reasons for his ruling. Only one of these need be discussed here.

The return points out that no persuasive affidavit of merits was presented to the court. The proposed pleading was on information and belief, and unverified. Its allegations therefore had no evidentiary value. The charge of living in adultery is a most serious one (see Pen. Code, § 269a). No supporting affidavit was presented from any person who could testify that this allegation was true, nor was there any affidavit setting forth any circumstantial evidence upon which plaintiff's belief was founded. (For contrast see the affidavits which supported the motion in the *Morgan* case, *supra,* at p. 529.) The judge noted both parties alleged that there was no community property except a 1955 Ford, and that the parties had separated in January 1955 (as alleged in the complaint) or April 1956 (as alleged in the cross-complaint). These circumstances, taken together with the timing of the motion, led the trial judge to the conclusion that the plaintiff's motion might well be one for harassment only, and that justice might better be served by allowing the parties to proceed to trial on their original pleadings.

There is no statutory requirement that there be an affidavit of merits to support a motion for leave to amend under the first paragraph of Code of Civil Procedure, section 473, or for leave to supplement under section 464. The statement has sometimes been made that such an affidavit is required. (See *Citizens' Committee etc. Pensions* v. *Board of Supervisors,* 91 Cal.App.2d 658, 661 [205 P.2d 761]; *Irvine* v. *J. F. Shea Co., Inc.,* 41 Cal.App.2d 458, 460 [107

P.2d 80]; *Janson* v. *Bryant*, 52 Cal.App. 505, 506 [199 P. 542].) ▮▮▮ These cases merely illustrate the underlying fact that where the burden is upon the moving party to place before the court such material as will show that the ends of justice will be served by the granting of the motion (*Estate of Kelly*, 178 Cal.App.2d 24, 32 [2 Cal. Rptr. 634]), an affidavit may be the only efficacious method of bringing the facts before the court. (See 2 Chadbourn, Grossman & Van Alstyne, California Pleading, § 1101.)

A trial court is entitled to be skeptical of late claims. (See *Dos Pueblos Ranch & Imp. Co.* v. *Ellis*, 8 Cal.2d 617, 622 [67 P.2d 340]; *City of Sacramento* v. *Superior Court*, 205 Cal.App.2d 398, 400-401 [23 Cal.Rptr. 43].) The declaration which plaintiff submitted in support of his motion for reconsideration did nothing to dispel the doubts which the respondent court expressed. The declaration, taken at full face value, was competent only to establish that plaintiff was unaware of the situation until recently. While protesting his own lack of knowledge, plaintiff was at the same time making a most serious accusation on information and belief, without disclosing any source or offering any other evidence of good faith. Even his statement that he learned the truth "about July of 1962" raised doubts as to why he was not more specific in disclosing the time when he himself made the discovery. The declaration filed with the motion has not been brought before us, but the deficiency of the second declaration was the more significant because it was a second attempt.

The ruling of the trial court was one within its legal discretion.

The peremptory writ is denied.

Shinn, P. J., and Ford, J., concurred.