[Civ. No. 50830. First Dist., Div. Four. Apr. 29, 1981.]

MATT A. HIRSA, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
FREDERICK HENRY VICKERS et al., Real Parties in Interest.

**COUNSEL**

Kay Holley for Petitioner.

No appearance for Respondent.

Low, Ball & Lynch and James D. Miller for Real Parties in Interest.

**OPINION**

POCHÉ, J.—Plaintiff seeks a writ of mandate to compel the respondent superior court to permit him to file an amendment to his complaint in an action for personal injuries.

The action arises out of an automobile accident that occurred on November 2, 1977, in which plaintiff's vehicle was allegedly rear ended by a van driven by defendant Frederick Henry Vickers. Almost one year later, on November 1, 1978, plaintiff, acting in propria persona, filed a complaint alleging that the accident was caused by the negligent driving of Frederick Vickers. The complaint sought damages from Vickers personally as well as from Vickers Concrete Sawing, a corporation,—in its capacity as owner of the van and employer of Frederick Vickers.

Some six months later on May 6, 1980, a summons and the complaint were served on both defendants who filed their answer and at issue memorandum seven days later. On June 13, 1980, plaintiff obtained private counsel who, one month later, on July 12, 1980, propounded interrogatories to be answered by defendant Frederick Vickers concerning his record as a driver. Responses were received by plaintiff on August 25, 1980, two days prior to the date set for defendant Vickers' deposition. Neither the interrogatories nor the questions at the deposition relating to the driving record were answered. Each was objected to by Vickers' counsel.

Four working days subsequent to the deposition plaintiff filed a motion to amend his complaint to include an additional cause of action against defendant Vickers Concrete Sawing for negligent entrustment of the van to defendant Frederick Vickers. The motion was opposed and ultimately denied by respondent superior court. This petition followed.

Trial courts are vested with the discretion to allow amendments to pleadings "in furtherance of justice." (Code Civ. Proc., § 473.) That trial courts are to liberally permit such amendments, at *any* stage of the

proceeding, has been established policy in this state since 1901. (See, e.g., *Frost* v. *Whitter* (1901) 132 Cal. 421, 424 [64 P. 705]; *Thomas* v. *Bruza* (1957) 151 Cal.App.2d 150, 155 [311 P.2d 128].) ■ A correlative line of decisions beginning with *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], spells out the rule that an amended complaint relates back to the date of the filing of the original complaint and thus avoids the bar of the statute of limitations so long as recovery sought in both pleadings is based upon the same general set of facts. (See, e.g., *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590]; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]; *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) The foregoing precedents rest on the fundamental policy that "cases should be decided on their merits." (*Grudt, supra*, 2 Cal.3d 575 at p. 585.)

■ In its memorandum in opposition to amend, defendant Vickers Concrete Sawing argued the proposed amendment could not "relate back" and thus was barred by the statute of limitations. Three authorities were cited to the trial court: an outmoded prior edition of Witkin's California Procedure and two cases which predated *Austin* v. *Massachusetts Bonding & Insurance Co., supra.* These decisions adhered to an earlier rule and were specifically distinguished on that ground in *Austin.* (*Id.*, 56 Cal.2d at pp. 600-601.) Defendant's arguments failed to demonstrate that the original complaint and proposed amendment did not relate to the same general set of facts within the *Austin* rule; at best, they betrayed a misunderstanding of *Austin* and subsequent cases.

In *Austin*, Chief Justice Gibson warned that any attempt to determine whether an amendment related back by inquiring whether it stated a "'wholly different cause of action' . . . results in confusion and undue restrictions of the right to amend." (*Id.*, at p. 601.) Thus, the fact that plaintiff's proposed amendment at the case in hand rests upon a different legal theory (negligent entrustment) and may state a different "cause of action" than his original complaint is irrelevant under *Austin, Garrett, Grudt* and *Smeltzley.* Instead, the test is whether the two pleadings relate to the same general set of facts. Plaintiff's proposed amendment, by seeking recovery for the same accident and injuries as the original complaint, complies with that test. (*Smeltzley* v. *Nicholson Mfg. Co., supra*, 18 Cal.3d 932.)

Defendant also argued that plaintiff engaged in an "unwarranted delay" in presenting the amendment. Nothing before the trial court or before this court suggests that plaintiff was dilatory or that defendant Vickers Concrete Sawing suffered prejudice from any such delay. Vickers Concrete Sawing was already a named and served defendant before the amendment was proposed. It is difficult to understand how such a defendant can be prejudiced by amendment to add an additional theory of liability against it. Particularly is this true in light of the Supreme Court holdings in both *Austin* and *Smeltzley* that amending a complaint to substitute a named defendant for a fictiously named defendant after the statute of limitations has run does not establish that the plaintiff was dilatory or that the newly substituted defendant was prejudiced. (*Austin, supra,* 56 Cal.2d at p. 602; *Smeltzley, supra,* 18 Cal.3d at p. 939, fn. 1.) Instead, the facts demonstrate that private counsel, engaged within a month of the filing of defendant's answer, moved quickly to discover through interrogatories and deposition details of defendant Frederick Vickers' driving record and that within one week of being frustrated in that attempt by defendant's counsel, filed the motion to amend. What evidence there is of dilatory tactics does not spring from plaintiff.

Defendant Vickers Concrete Sawing argues here "if negligent entrustment does in fact become an issue in the adjudication of the case, both defendants will likely suffer substantial prejudice as a result of the jury being apprised of the Vehicle Code violations and accidents on the part of Frederick Vickers which would otherwise be inadmissible and immaterial to the issues being determined." At oral argument counsel conceded that if plaintiff had included the negligent entrustment theory in his original complaint, the evidence of defendant Fred Vickers' driving record would be relevant and admissible. Such evidence is not transmuted to "prejudicial" matter by later amendment to the pleadings.

In brief, the undisputed evidence shows that plaintiff timely moved to file an amendment to his complaint which relates back for purposes of the statute of limitations to add an additional theory of liability against a previously named and served defendant. Allowing the filing of such an amendment is in furtherance of justice and in keeping with the fundamental policy of our courts that cases should be decided on their merits.

Let a peremptory writ of mandate issue directing the respondent Superior Court of San Mateo County to permit plaintiff to amend his

complaint with an additional cause of action of negligent entrustment against defendant Vickers Concrete Sawing.

Rattigan, Acting P. J., concurred.

**CHRISTIAN, J.**—I respectfully dissent.

Amendment of this complaint was not a matter of course but was at the discretion of the trial court. (Code Civ. Proc., § 473.) Amendment of pleadings at any stage of the proceedings should be allowed with liberality. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1040, p. 2618.) But under the circumstances here present, respondent court did not abuse its discretion in denying petitioner's request to amend his complaint on the eve of arbitration.

Although the moving party has the burden of showing that the ends of justice will be served by the amendment (*Plummer* v. *Superior Court* (1963) 212 Cal.App.2d 841, 843 [28 Cal.Rptr. 294]), petitioner has never suggested any benefit to him that can result from his proposed amendment. The amendment would plead a theory of negligent entrustment against the corporation in addition to theories, already pleaded, of liability as employer and owner. The allegation in the proposed amendment is that it was negligent to entrust the vehicle to Frederick Vickers when it was known that he "was a careless and reckless driver of automobiles. . . ." Although the theory of negligent entrustment may in the abstract be based on other grounds (see *Hartford Accident & Indemnity Co.* v. *Abdulla* (1979) 94 Cal.App.3d 81, 90 [156 Cal.Rptr. 254]), as concretely presented to respondent court the new theory was dependent upon a finding that petitioner's injuries were caused by foreseeable "carelessness" or "recklessness" on the part of Frederick Vickers, just as the two already pleaded theories are based on vicarious responsibility for his negligence. If Vickers was careless or reckless, petitioner will recover on the negligence theories already pleaded; the new theory cannot enhance his prospects of recovery. If Vickers was not negligent, petitioner cannot recover on either of the theories already pleaded or on the theory of negligent entrustment as sought to be pleaded in the proposed amendment.

While the new theory will thus open to petitioner no legitimate advantage, respondent court could reasonably expect it to compromise the fairness of the trial by opening the door to evidence that is irrelevant on the issue of Vicker's negligence but prejudicial to the defense on a

broader basis. Specifically, proof of previous unsafe driving by Frederick Vickers is clearly portended. At trial the court could in the exercise of its discretionary power exclude such evidence, on the basis of its prejudicial effect on the issue of Vickers' negligence, where the negligent entrustment theory could add nothing to the prospect that petitioner might legitimately prevail. (Evid. Code, § 352.) It cannot be an abuse of discretion to reject an amendment which could have no other effect than to open the trial to evidence that could nevertheless properly be excluded in the exercise of discretion. (See *Downing* v. *Barrett Mobile Home Transport, Inc.* (1974) 38 Cal.App.3d 519, 524-525 [113 Cal.Rptr. 277].)

Respondent court could also reasonably determine that the amendment was not timely. It would introduce a new set of facts which must be dealt with by both parties at a time when the case is ready for arbitration. Petitioner's excuse for delay was that petitioner did not have his present attorney until June 1980. Assuming petitioner was without counsel for the entire time since the accident (which is not established by the record), petitioner has not suggested why he delayed two and one-half years in seeking representation. The new attorney belatedly has thought of a legal theory that can gain petitioner no additional recovery, will risk prejudicing with irrelevant matter determination of the basic issue upon which liability rests and will inject a new issue which may require further investigation or discovery procedures.

We should remember that we are not called upon to second-guess the trial court or to give effect to our own inclinations as to how we would handle a discretionary decision if we were hearing a trial court's law and motion calendar. To avoid disrupting the administration of justice in the trial court, we should not intervene in matters pending in the trial courts unless action is truly necessary to prevent harm to the interests of justice. It was not an abuse of discretion to deny the motion to amend. (Cf. *Rainer* v. *Community Memorial Hosp.* (1971) 18 Cal. App.3d 240, 257-259 [95 Cal.Rptr. 901].) Intervention by this court is not warranted.

I would deny the writ.