[No. A123930. First Dist., Div. Five. Mar. 11, 2010.]

CENTRAL CONCRETE SUPPLY CO., INC., Plaintiff and Respondent, v. MICHAEL BURSAK, Defendant and Appellant.

COUNSEL

Charles J. Smith for Defendant and Appellant.

Law Offices of Dek Ketchum, Dek Ketchum, Jenny D. Smith and Jay M. Goldman for Plaintiff and Respondent.

OPINION

**SIMONS, J.**—Civil Code section 1714.10[1] places limitations on a party's right to sue an attorney for conspiring with his or her client. Section 1714.10, subdivision (a) imposes a prefiling court-approval requirement on suits of that nature. Section 1714.10, subdivision (b) provides that the failure to obtain the court approval required in subdivision (a) is a "defense" to the action. Section 1714.10, subdivision (c) sets out two statutory exceptions to the prefiling requirement. Central Concrete Supply Co., Inc. (respondent), filed a complaint alleging that Michael Bursak (appellant), an attorney, conspired with his client to defraud respondent. Appellant successfully challenged the complaint on the basis that it failed to allege compliance with the prefiling requirement, or to allege an applicable statutory exception. Over appellant's objection, the court then granted respondent leave to amend the complaint to remedy the pleading defect(s). Appellant contends section 1714.10, subdivision (b), bars a trial court from granting leave to amend in these circumstances.[2] We disagree and affirm.

FACTS[3]

In December 2003, respondent filed an action, *Central Concrete Supply Co., Inc. v. Steffani* (Super. Ct. San Mateo County, 2008, No. CIV436249) (the underlying action), against its former employee, Steven Steffani (Steffani); Steffani's wife, Shaun Steffani; and others for damages resulting from an embezzlement scheme to defraud respondent. At the outset of that litigation, respondent sought and obtained a preliminary injunction barring Steffani, the other defendants, and their "officers, agents, employees, representatives, and all persons acting in concert or participating with them," from selling, transferring and encumbering certain assets, including real property located on Bayport

---

[1] All undesignated section references are to the Civil Code.

[2] We deny respondent's November 3, 2009 motion to strike portions of appellant's reply brief that refer to and rely on matters not before the trial court when it ruled on appellant's motions to strike. However, we will disregard any such matters not before the trial court.

[3] We derive the facts from respondent's complaint filed in June 2008, and those matters judicially noticed by the trial court.

Court in San Carlos (the Property). The request for issuance of the preliminary injunction was resolved by stipulation.[4]

At the December 2003 injunction hearing, Steffani was represented by appellant. In January 2004, appellant substituted out as Steffani's counsel. In June 2007, Steffani associated James Courshon and Nicholas Damer for the limited purpose of moving to dissolve the 2003 preliminary injunction. In October 2007, Damer withdrew as Steffani's counsel.

In late June 2007, Steffani filed a motion to dissolve the preliminary injunction, asserting that he required access to the equity in the Property. He did not disclose that the Property had been sold on May 31, 2006. In July 2007, while preparing its opposition to the motion to dissolve, respondent first learned that Steffani had violated the preliminary injunction by surreptitiously selling the Property. All the defendants in the underlying action aided and conspired with Steffani to sell the Property in violation of the injunction. The trial court denied the motion to dissolve the injunction.

The defendants in the underlying action have obstructed respondent's efforts to trace the proceeds from the Property's sale. On October 4, 2007, Judge Mittlesteadt granted respondent's motion for an "Order to Aid in Enforcement of Preliminary Injunction." Steffani failed to comply with the enforcement order and falsely testified at a deposition that he turned over the sale proceeds to a fictitious person. Shaun Steffani refused to appear for her noticed deposition.

Documents subpoenaed by respondent from First American Title Company and Washington Mutual Bank revealed that on June 13, 2006, following the sale of the Property, the Steffanis deposited the sale proceeds of $527,887 in an account in Shaun Steffani's maiden name (maiden name account). Thereafter, Shaun Steffani began depleting the remaining proceeds in the maiden name account by writing a series of checks for "cash" in amounts less than $10,000, the threshold amount required for bank disclosure to federal authorities. In September 2006, she transferred a total of $287,000 from the maiden name account to appellant in three cashier's checks.

In addition, appellant refused to testify at his first deposition, invoking the attorney-client privilege. After respondent successfully moved to compel appellant's deposition testimony, appellant appeared at a second deposition and invoked his Fifth Amendment right against self-incrimination in response to all questions.

---

[4] Steffani was also criminally prosecuted as a result of the embezzlement scheme; in March 2007, he pled nolo contendere to grand theft/embezzlement (Pen. Code, §§ 487, 503) and he was sentenced to prison in 2008.

Rather than complying with the injunction and enforcement order, the Steffanis and appellant engaged in a pattern of actively concealing the proceeds of the Property sale, which the court had ordered to be interpleaded with the court. Appellant conspired with the Steffanis to effectuate the fraudulent transfers and continuing concealment of the illegal sale proceeds for their own use. Steffani transferred the proceeds from the sale to Shaun Steffani and to appellant through Shaun Steffani. Shaun Steffani and appellant "either continue to hold the proceeds, have made further fraudulent transfers and/or have utilized the funds for their own use."

## PROCEDURAL HISTORY

In June 2008, respondent filed the instant complaint against appellant, Steffani, and Shaun Steffani[5] alleging "fraudulent transfer (actual fraud)" (first cause of action), "fraudulent transfer (constructive fraud)" (second cause of action), "fraudulent transfer (constructive fraud-insolvency)" (third cause of action), civil conspiracy (fourth cause of action), conversion (fifth cause of action), accounting (sixth cause of action), unjust enrichment (seventh cause of action), constructive trust (eighth cause of action), "damages" (ninth cause of action), and "civil penalties for violation of court order" (10th cause of action).

In October 2008, appellant demurred and filed a special motion to strike respondent's complaint pursuant to the anti-SLAPP[6] statute. (Code Civ. Proc., § 425.16.) Appellant also moved to strike the entire complaint pursuant to Code of Civil Procedure section 436,[7] on the grounds that the complaint was based on conduct protected by the litigation privilege (§ 47) and respondent failed to comply with the prefiling requirements of section 1714.10.

On November 26, 2008, the trial court denied appellant's anti-SLAPP motion.[8] The court granted appellant's motion to strike the complaint due to respondent's failure to comply with section 1714.10, subdivision (a) (hereafter section 1714.10(a)), and gave plaintiff 30 days leave to amend its complaint. The court's minute order stated: "The court finds that all of the causes of action relate to allegations of conspiracy between . . . Steffani and

---

[5] The Steffanis are not parties to this appeal.

[6] SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57 & fn. 1 [124 Cal.Rptr.2d 507, 52 P.3d 685].)

[7] Code of Civil Procedure section 436 permits a court to strike all or part of a pleading not drawn or filed in conformity with the law.

[8] Appellant's briefing contains no argument or discussion of this ruling and we treat as abandoned any claim regarding it. (See *108 Holdings, Ltd. v. City of Rohnert Park* (2006) 136 Cal.App.4th 186, 193, fn. 3 [38 Cal.Rptr.3d 589].)

[appellant] and as such, [respondent] must either allege compliance with . . . section 1714.10(a) or show that the claims fall within the statute's exceptions set forth in [section 1714.10,] subdivision (c)[.] Based upon the pleadings and argument of [respondent] it appears that [respondent] may be able to allege that the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain. [Citation.] Additionally, [respondent] may be able to allege that [appellant] was not . . . Steffani's attorney at the time of the alleged conspiracy."

Appellant filed a timely notice of appeal from the court's order.[9]

## DISCUSSION

Appellant contends the court erroneously granted respondent leave to amend in violation of section 1714.10, subdivision (b) (hereafter section 1714.10(b)). We review the trial court's interpretation of section 1714.10 under the de novo standard. (See *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 822 [32 Cal.Rptr.3d 325] (*Berg*).)

### A. *The Section 1714.10(a) Prefiling Requirement*

■ "Section 1714.10 prohibits the unauthorized filing of an action for nonexempt civil conspiracy against an attorney based on conduct arising from the representation of a client that is in connection with any attempt to contest or compromise a claim or dispute. It requires a plaintiff who desires to pursue such an action to first commence a special proceeding by filing a verified petition naming the attorney as respondent; the trial court then orders service upon the attorney, who is thereby given the opportunity to appear and contest the petition. If the petition is granted, the plaintiff is permitted to file the complaint in the main action, subject to the attorney's right to appeal the order. If, on the other hand, the petition is denied, the plaintiff is foreclosed from filing the complaint, likewise subject to his or her right to appeal that determination. As an alternative to the petition procedure, if a plaintiff files a nonexempt action against an attorney based on conspiracy with a client without first commencing the special proceeding as provided under section 1714.10, the attorney may effectively initiate the proceeding that will result in an appealable order by demurring or moving to strike the pleading for the plaintiff's failure to have complied with the prepleading statute.

■ " 'Section 1714.10 was intended to weed out the harassing claim of conspiracy that is so lacking in reasonable foundation as to verge on the

---

[9] Pursuant to section 1714.10, subdivision (d), appellant's motion to strike was a "special proceeding," and the order disposing of it is appealable "as a final judgment in a civil action."

frivolous. [Citations.] The weeding tool is the requirement of prefiling approval by the court, which must be presented with a verified petition accompanied by a copy of the proposed pleading and "supporting affidavits stating the facts upon which the liability is based"; the pleading is not to be filed until the court has determined ". . . the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." [Citation.]' [Citation.]" (*Berg, supra*, 131 Cal.App.4th at p. 815.)

Section 1714.10(a) provides: "No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination. . . ."

Section 1714.10(b) provides: "Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate. Failure to timely raise the defense shall constitute a waiver thereof."

B. *Statutory Exceptions to the Prefiling Requirement*

There are two statutory exceptions to the prefiling requirement of section 1714.10(a). Section 1714.10, subdivision (c) (hereafter section 1714.10(c)), provides that section 1714.10(a) does "not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain."

The exceptions in subdivision (c)(1) and (2) of section 1714.10 mirror the limits on an attorney's liability for conspiracy established by our Supreme

Court in *Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39 [260 Cal.Rptr. 183, 775 P.2d 508]. The Supreme Court explained a cause of action for conspiracy cannot lie "if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty." (*Id.* at p. 44.) This is an application of the "agent's immunity rule," which holds that " ' "an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal." ' " (*Panoutsopoulos v. Chambliss* (2007) 157 Cal.App.4th 297, 304 [68 Cal.Rptr.3d 647], quoting *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 394 [102 Cal.Rptr.2d 125] (*Pavicich*).)

"Since the [exceptions] now remove[] from [section 1714.10's] scope the two circumstances in which a valid attorney-client conspiracy claim may be asserted, [section 1714.10's] gatekeeping function applies only to attorney-client conspiracy claims that are not viable as a matter of law . . . . [Citation.] Thus, a plaintiff who can plead a viable claim for conspiracy against an attorney need not follow the petition procedure outlined in [section 1714.10] as such a claim necessarily falls within the stated exceptions to its application." (*Berg, supra*, 131 Cal.App.4th at p. 818.)

### C. *Analysis*

Appellant contends that because respondent neither complied with the prefiling requirement of section 1714.10(a), nor alleged any exceptions to that requirement under section 1714.10(c), leave to amend was improperly granted. He states that "[o]n its face, [section] 1714.10 provides that failure to comply with the prefiling petition process constitutes a 'defense' to a cause of action against an attorney for a civil conspiracy with his client. The term 'defense,' in this context, can only mean it is an absolute defense such that the complaint must be stricken without leave to amend . . . ." (Underscoring omitted.) However, appellant ignores that section 1714.10(b) provides that this defense is available only "where [a prefiling order is] *required* by subdivision (a)." (Italics added.) A complaint setting forth either exception specified in section 1714.10(c) need not follow the petition requirements of section 1714.10(a). (*Berg, supra*, 131 Cal.App.4th at p. 818.) No express provision in section 1714.10(b) or any other subdivision of that statute precludes a trial court from granting a plaintiff leave to amend to demonstrate a valid conspiracy claim against an attorney by alleging either of the statutory exceptions. Further, nothing in the legislative history of section 1714.10(b) (added by Stats. 1991, ch. 916, § 1, p. 4108) suggests that the trial court lacks its normal discretionary authority to grant leave to amend. Finally, section 1714.10(b) states that this defense is waived if not raised at the defendant's first appearance in the action, undermining appellant's assumption that the defense is "absolute."

The only authority cited by appellant for his contention that the defense created in section 1714.10(b) bars an amendment to the pleadings is a quote from Weil et al., California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) paragraph 6:370, page 6-99 (rev. # 1, 2008): "Conspiracy allegations filed without a prior court order must be stricken *without leave to amend.*" This comment relies solely on *Evans v. Pillsbury, Madison & Sutro* (1998) 65 Cal.App.4th 599, 607 [76 Cal.Rptr.2d 679] (*Evans*), but that case never addressed, much less determined, the trial court's authority to grant leave to amend to plead a valid conspiracy claim against an attorney. In *Evans*, a limited partnership and its general partner were represented by a law firm (PMS) and the law firm's attorney, Joseph. (*Id.* at pp. 601–602.) The limited partnership and general partner brought a declaratory relief action against two limited partners over the nature of their investments. The latter parties filed an amended cross-complaint against the limited partnership, the general partner, PMS and Joseph. Causes of action against PMS and Joseph alleged negligent misrepresentation, professional negligence, breach of fiduciary duty and conspiracy. PMS and Joseph filed a general demurrer to all causes of action of the cross-complaint and, as to the conspiracy count, demurred on the ground that the cross-complaint was filed without compliance with section 1714.10. The trial court overruled the demurrer to the conspiracy cause of action and sustained the demurrers to the other causes of action without leave to amend. (*Evans*, at p. 602.)

On appeal, Division Four of this court reversed the trial court's order overruling the demurrer to the conspiracy cause of action. The *Evans* court concluded the conspiracy cause of action against Joseph and PMS was covered by section 1714.10(a) and the exception set out in section 1714.10(c)(2) applied only to Joseph, but not to PMS. Because the conspiracy claims against Joseph and PMS were contained in one cause of action in the cross-complaint, *Evans* held that section 1714.10 required that the entire cause of action be barred because the law firm was entitled to the protections of the prefiling requirements in section 1714.10(a). (*Evans, supra*, 65 Cal.App.4th at pp. 604–607.) Though it would appear that an amendment could have saved the conspiracy claim against Joseph, there is no indication that such relief was sought by the *Evans* cross-complainants. Certainly, *Evans* never considered whether cross-complainants should be entitled to amend, and cases are not authority for propositions not considered. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399]; *Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 58 [15 Cal.Rptr.3d 383].)

Generally, a trial court abuses its discretion by dismissing an action after granting a demurrer or motion to strike where a reasonable possibility exists that a defect in the pleading can be cured by amendment. (*Pavicich, supra*, 85 Cal.App.4th at p. 389; *Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 768 [73

Cal.Rptr.2d 829].)[10] "Trial courts are vested with the discretion to allow amendments to pleadings 'in furtherance of justice.' (Code Civ. Proc., § 473.) That trial courts are to liberally permit such amendments, at *any* stage of the proceeding, has been established policy in this state since 1901. [Citations.]" (*Hirsa v. Superior Court* (1981) 118 Cal.App.3d 486, 488–489 [173 Cal.Rptr. 418].) " '[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown. [Citations.]' [Citation.]" (*Record v. Reason* (1999) 73 Cal.App.4th 472, 486 [86 Cal.Rptr.2d 547].)

█ Appellant appears to argue that this general rule does not apply to section 1714.10 because it is one of several "similar" gatekeeping statutes listed in *Berg* designed to "weed out" frivolous complaints, and "the Legislature and the [c]ourts have recognized that the gatekeeping function is thwarted when leave to amend is ordered following an order to strike." *Berg* does refer to two statutes that, like section 1714.10, create prefiling requirements for certain claims involving specified defendants. (See *Berg, supra,* 131 Cal.App.4th at p. 817.) But a consideration of these two other provisions demonstrates appellant's error. Code of Civil Procedure section 425.14 (added by Stats. 1988, ch. 1410, § 1, p. 4778), enacted in the same legislative session as section 1714.10 (added by Stats. 1988, ch. 1052, § 1, p. 3407), conditions the filing of a punitive damages claim against a religious corporation on a trial court finding "that the plaintiff has established evidence which substantiates that plaintiff will meet the . . . standard of proof under section 3294 of the Civil Code." In addition, Code of Civil Procedure section 425.13 (added by Stats. 1987, ch. 1498, § 7, p. 5782), enacted the year before section 1714.10, protects health care providers against frivolous punitive damages claims. (See *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 717–718 [34 Cal.Rptr.2d 898, 882 P.2d 894] (*College Hospital*) [Code Civ. Proc., § 425.13 contains "nearly identical" language to Civ. Code, § 1714.10].) The legislative purpose behind the three statutes is identical: to weed out certain meritless claims. (*Pavicich, supra,* 85 Cal.App.4th at p. 390 [§ 1714.10]; see *College Hospital,* at p. 717 [Code Civ. Proc., § 425.13]; *Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711, 1723 [19 Cal.Rptr.2d 625] (*Rowe*) [Code Civ. Proc., § 425.14].) Code of Civil Procedure section 425.14 has been construed to permit repeated attempts to comply with its requirements, "subject to the usual limitations on the amendment of pleadings prior to or during trial." (*Rowe,* at p. 1735.) Code of Civil Procedure section 425.13 has been interpreted in a similar fashion. (*College Hospital,* at p. 719 & fn. 5.) Nothing in the language of section 1714.10 suggests any basis for a different result when a plaintiff seeks to amend a complaint to plead an exception to

---

[10] It is noteworthy that *Pavicich* set out this rule in the context of discussing a demurrer based on section 1714.10. (See *Pavicich, supra,* 85 Cal.App.4th at pp. 385, 389.)

the prefiling requirement. In short, simply because a statute serves a gate-keeping role does *not* provide a basis for implying an absolute rule barring amendments.

■ Thus, we conclude that, in appropriate circumstances, a trial court may permit an amendment of the complaint after sustaining a demurrer based on section 1714.10. Such circumstances exist here. In granting leave to amend, the trial court stated that respondent may be able to allege that appellant was not Steffani's attorney at the time of the alleged conspiracy. By its terms, section 1714.10(a) applies only to conspiratorial conduct arising out of the attorney's legal representation of his or her client. The complaint alleges that Steffani was represented by appellant at the December 2003 injunction hearing, and appellant substituted out as Steffani's counsel in January 2004. The conspiracy claim focuses on the 2006 sale of the Property and the continuing concealment of the sale proceeds. Based on the complaint's existing allegations, the court could reasonably grant leave to amend to allege that appellant was not Steffani's counsel at the time of appellant's conspiratorial conduct.

■ Also, in granting leave to amend, the trial court stated that respondent may be able to allege, pursuant to section 1714.10(c)(2), that appellant's acts go beyond the performance of a professional duty to serve his client (Steffani) and involve a conspiracy to violate a legal duty in furtherance of appellant's financial gain. As we noted above, a plaintiff who can so plead need not follow the petition procedure outlined in section 1714.10(a). (*Berg, supra*, 131 Cal.App.4th at p. 818.) As to the section 1714.10(c)(2) exception, *Berg* held, " 'in furtherance of the attorney's financial gain' as used in this subsection means that through the conspiracy, the attorney derived economic advantage over and above monetary compensation received in exchange for professional services actually rendered on behalf of a client." (*Berg*, at p. 836.) The complaint here alleges that appellant received $287,000 from the proceeds of the fraudulent transfer of the Property and he and Shaun Steffani "either continue to hold the proceeds, have made further fraudulent transfers and/or have utilized the funds for their own use." At the hearing on the motions to strike, appellant argued that this allegation was insufficient because respondent failed to allege that the $287,000 received by appellant was not a fee for services performed by him while representing Steffani. The trial court agreed. But based on these allegations, the court could conclude that there was a reasonable possibility that respondent could so allege. Granting leave to amend was appropriate.[11]

---

[11] In light of our determination that leave to amend was properly granted, we need not address respondent's assertion that the complaint's allegations sufficiently pled an exception to the section 1714.10(a) requirements and therefore the motion to strike should have been denied in the first instance.

## DISPOSITION

The order granting respondent leave to amend is affirmed. Costs to respondent.

Jones, P. J., and Bruiniers, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 9, 2010, S181980.